JOHN J. BENNETT, JR., as Attorney-General of the State of New York, upon the Relation of the NEW YORK COUNTY LAWYERS' ASSOCIATION, Appellant, *v.* SUPREME ENFORCEMENT CORPORATION, Respondent.

First Department, March 12, 1937.

*Colin McLennan, Assistant Attorney-General,* of counsel [*John F. X. McGohey, Assistant Attorney-General* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the appellant.

*John E. Leddy* of counsel [*I. Maurice Wormser* and *John E. Leddy,* attorneys], for the respondent.

*A. Lincoln Lavine* of counsel [*A. Lincoln Lavine* and *Abraham Benedict,* counsel in behalf of New York County Lawyers' Association], as *amicus curiæ.*

PER CURIAM. The action is brought by the Attorney-General of the State of New York upon the relation of the New York County Lawyers' Association, pursuant to sections 1221-a and 1221-b of the Civil Practice Act, to secure an injunction to restrain the alleged violation by the defendant of the provisions of section 280 of the Penal Law.

We deem the taking by the defendant corporation of assignments for the purpose of bringing suit upon claims which prove otherwise uncollectible, to be a violation of the statute, as amended

by chapter 534 of the Laws of 1934, even though there was no solicitation.

It follows, therefore, that the judgment appealed from should be reversed, with costs, and judgment directed in favor of the plaintiff as prayed for in the complaint, with costs.

MARTIN, P. J., McAVOY, O'MALLEY and DORE, JJ., concur; COHN, J., dissents and votes for affirmance.

COHN, J. (dissenting). The statute under which the Attorney-General is proceeding, so far as is pertinent, reads as follows: " It shall be unlawful further for any corporation or voluntary association to solicit itself or by or through its officers, agents or employees any claim or demand, *or take an assignment thereof*, for the purpose of bringing an action thereon or of representing as attorney at law   *   *   *." (Italicized words added by amendment in the year 1934.)

The only reasonable construction which can be given to the language quoted is that a corporation may not solicit any claim or demand or take an assignment of any solicited claim or demand. The word " thereof " clearly relates back to the words " any claim or demand " as used in the clause in which those words are found, and means any claim or demand solicited. Construing the language in its plain and ordinary meaning, the statute prohibits a corporation from soliciting claims or taking assignments of claims which have theretofore been solicited by corporations. If we are to adopt the interpretation urged by the Attorney-General, the statute would prohibit every corporation from taking an assignment of a single claim or demand for  the purpose of bringing an action thereon.  Such a form of assignment to a corporation, which is frequently invoked for a variety of legitimate reasons, would thus become a misdemeanor.  Many financial and banking institutions in New York City and in other parts of the State have created corporate subsidiaries to which are  assigned overdue negotiable instruments for the purpose of suit, one likely reason for such an arrangement being that these institutions do not wish to appear before the public as litigants.

The statute, as the title to section 280 of the Penal Law indicates, was enacted to prohibit corporations and voluntary associations from practicing law; it was also aimed against corporations engaged in soliciting claims or demands for the purpose of suing on them.  Here the defendant, as appears from the agreed statement of facts, took assignments from its parent corporation of notes, chattel mortgages and confessions of judgment without

consideration and for the purpose of instituting suit in the event that the collection of said claims and demands could not be effected without suit. Defendant did no soliciting, it charged nothing for its services and acted solely for its parent corporation without profit of any kind, and it did not prosecute its claims except through its attorney. In the circumstances, it is difficult to perceive how defendant was guilty of a violation of law, however extreme a view of the statute one might take. In my opinion the court properly dismissed the complaint upon the merits.

For the foregoing reasons I dissent and vote to affirm the judgment.

Judgment reversed, with costs, and judgment directed in favor of the plaintiff, with costs. Settle order on notice.