In the Matter of the Application of the QUEENS COUNTY BAR ASSOCIATION in Respect of EDWARD W. MURPHY, an Attorney, Respondent. In the Matter of the Application of the QUEENS COUNTY BAR ASSOCIATION in Respect of EDWARD W. MURPHY, an Attorney, Respondent.— Motions with respect to report of official referee in disciplinary proceedings. There seems to be an erroneous impression among some members of the bar that soliciting retainers by hirelings in connection with condemnation proceedings is permissible. Such solicitation is no different from that which is commonly called ambulance chasing. (Penal Law, § 270-d.) In this case there is no direct evidence of paid solicitation. That there was such solicitation might have been inferred from the facts. The official referee finds there was no paid solicitation. The excellent reputation of respondent has carried the balance in his favor. However, the court condemns the practice of respondent and censures him for his practice of attending mass meetings at the home of one of the owners interested in a proceeding for the taking of their property for public use, and " drumming up " retainers by addressing these owners, displaying maps, and exploiting his knowledge and experience in such matters. When an investigation is ordered by the court it is indiscreet for an attorney to send for prospective witnesses and interview them. It lays him open to the suspicion that he may be attempting to thwart the investigation. After an investigation of conditions in Queens county, under the supervision of Mr. Justice Faber, respondent interviewed several witnesses who had attended, ascertained the nature of their testimony and had them swear to affidavits. The investigation was being conducted in secret by order of this court. Respondent could not have known that charges

were to be preferred against him. By his conduct he invaded the secrecy of the investigation, and for that he is hereby censured. Present — Lazansky, P. J., Hagarty, Davis, Johnston and Taylor, JJ.