FRANK H. ZINDLE, INC., Respondent, *v.* FRIEDMAN'S EXPRESS, INC., Appellant.

First Department, February 16, 1940.

*Joseph Haskell* of counsel [*Solomon H. Bauch* with him on the brief], for the appellant.

*George I. Janow* [*Herman Young* with him on the brief], for the respondent.

COHN, J. Plaintiff, a domestic corporation, for the purpose of maintaining an action thereon, accepted an assignment of two claims against defendant, which claims belonged to Security Insurance Company. Under its arrangement with Security Insurance Company plaintiff was to charge a fee for its services if it made a recovery under the assignment and was to remit to the insurance company the amount collected less its fee. Plaintiff was not the true owner of the claims and its only interest in the assignment was to bring a suit thereon and to earn a fee from the proceeds in the event that the prosecution of the suit was successful. Section 280 of the Penal Law (as amd. by Laws of 1934, chap. 534, § 3) prohibits a corporation from taking an assignment of a claim or demand for the purpose of bringing an action thereon. The validity of that statute has been recently upheld in *Bennett (New York County Lawyers' Assn.)* v. *Supreme Enforcement Corp.* (250 App. Div. 265; affd., 275 N. Y. 502). As the assignment to the plaintiff here was in contravention of the Penal Law and was illegal, plaintiff, whose only interest in the claims was based upon such assignment, may not recover thereon. " No person can maintain an action to which he must trace his title through his own breach of the law." (*Morgan Munitions Co.* v. *Studebaker Corp.*, 226 N. Y. 94, at p. 99.) The law is well settled that a contract made in violation of the penal statute is void and unenforcible. (*Morgan Munitions Co.* v. *Studebaker Corp., supra; Sturm* v. *Truby,* 245 App. Div. 357, 359; *Segal* v. *Chemical Importing & Manufacturing Co.,* 205 id. 220, 225.) The trial justice properly dismissed the complaint because of the illegality of the assignment upon which plaintiff's causes of actions were based.

The determination of the Appellate Term should be reversed, and the judgment of the Municipal Court should be affirmed, with costs to the defendant in this court and in the Appellate Term.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously reversed and judgment of the Municipal Court affirmed, with costs to the defendant in this court and in the Appellate Term.