SYLVIA GELLENS, Respondent, *v.* 11 WEST 42ND STREET, INC., Appellant.

First Department, May 3, 1940.

*Walter H. Bond* of counsel [*Bond & Babson,* attorneys], for the appellant.

*Bernard Buchwald* of counsel [*Charles D. Hoffman,* attorney], for the respondent.

COHN, J. The action is to recover the face amount of an interest coupon detached from a bond executed by defendant and payable on demand on its due date. Plaintiff's motion for summary judgment was granted in the Municipal Court on proof that plaintiff was the owner and holder of the coupon. The answer, alleging a general denial, also pleaded the defense that plaintiff is not the real party in interest but is acting as a collecting agent for the owner and, therefore, may not recover.

The defense that plaintiff is acting as the collecting agent for another is insufficient as a matter of law. The coupon is a negotiable instrument and by its terms is made payable to the bearer. As plaintiff has acquired legal title to the instrument by assignment and the document is in her possession and produced by her, she has an absolute right to sue thereon. (Pers. Prop. Law, § 41.) " The holder of a negotiable instrument may sue thereon in his own name; and payment to him in due course discharges the instrument." (Neg. Inst. Law, § 90.) Indeed, even if it were shown that plaintiff took the coupon solely for the purpose of instituting suit upon it, she would nevertheless be entitled to recover. (*McCauley* v. *Georgia Railroad Bank*, 239 N. Y. 514; *Sheridan* v. *Mayor*, 68 id. 30; *Allen* v. *Brown*, 44 id. 228; *Titus* v. *Wallick*, 306 U. S. 282.) Any statement appearing to the contrary in *Federal Credit Bureau, Inc.*, v. *Zelkor Dining Car Corp.* (238 App. Div. 379, 386, 387), the case upon which defendant relies, must be deemed overruled. In *Titus* v. *Wallick* (*supra*) the correct rule is stated by the United States Supreme Court as follows (at p. 289) : " By repeated decisions of the highest court of the State of New York it has long been settled that under these sections any form of assignment which purports to assign or transfer a chose in action confers upon the transferee such title or ownership as will enable him to sue upon it. This is true even though the assignment is for the purpose of suit only and the transferee is obligated to account for the proceeds of suit to his assignor." (Cases cited.)

It is to be noted that by recent amendment to the Penal Law (§ 280, as amd. by Laws of 1934, chap. 534; and § 275, as amd. by Laws of 1939, chap. 822) a corporation is prohibited from accepting the assignment of a claim for the purpose of bringing action thereon (*Bennett* [*N. Y. Co. Lawyers' Assn.*] v. *Supreme Enf. Corp.*, 250 App. Div. 265; affd., 275 N. Y. 502), and a corporation may not recover in a suit based upon such an assignment. (*Zindle, Inc.*, v. *Friedman's Express, Inc.*, 258 App. Div. 636.) However, an assignment for that purpose to an individual is legal provided such person is not engaged directly or indirectly in the business of collection and adjustment of claims. (Penal Law, § 275, as amd. by

Laws of 1939, chap. 822.) No claim is here made that plaintiff is in such business.

The determination should in all respects be affirmed, with costs and disbursements.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Determination unanimously affirmed, with costs and disbursements.