FLORENCE P. MEDWIN, Respondent, *v.* 11 WEST 42ND STREET, INC., Appellant.

Third Department, April 30, 1941.

*Bond & Babson* [*Walter H. Bond* of counsel], for the appellant.

*Illch & Poskanzer* [*Avrom M. Jacobs* of counsel], for the respondent.

FOSTER, J. Defendant appeals from an order granting summary judgment, made at an Albany Special Term on October 11, 1940, and from the judgment entered thereon against the defendant in the sum of $291.10.

In her complaint the plaintiff alleges in substance that she is the owner of a series of coupons, detached from two of the defendant's first mortgage leasehold sinking fund six-and-one-half-per cent gold bonds, upon each of which there was due the sum of thirty-two dollars and fifty cents. She also alleges that she duly presented each of these coupons for payment, with the exception of coupon No. 29, and that payment was refused; and also that she was informed by representatives of the defendant that no future coupons would be paid unless the holders thereof would agree to accept a lesser rate of interest than was provided for in the bonds, in consequence of which the defendant waived presentment of coupon No. 29. The answer of the defendant admits all the allegations of the complaint, except that it denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph eleventh of the complaint, which deals with the

demand for payment. As a separate defense the defendant alleges in substance that the plaintiff did not have the right to sue the defendant because the holders of at least ten per cent of the bonds outstanding had not given the trustee under the mortgage indenture any notice of default, and also because twenty-five per cent of said bondholders had not requested the trustee to institute any action. These restrictions and requirements are contained in the mortgage indenture.

It is the contention of the plaintiff that the legal defense interposed by the defendant has been expressly and authoritatively rejected. (*Cunningham* v. *Pressed Steel Car Co.*, 238 App. Div. 624; affd., 263 N. Y. 671.) The court at Special Term, as indicated by his memorandum, was of this view. Counsel for the defendant says that there is a clear-cut and vital distinction between the bonds in the *Cunningham* case and the bonds involved in this case. He bases this statement upon the following excerpts. In the *Cunningham* case the bonds contained the following provision: " This bond is one of an issue of bonds aggregating Six Million ($6,000,000.00) Dollars, in denominations of $1,000.00 and $500.00, all of like date and of like tenor except as to denomination, all of which bonds have been issued under and are equally secured by an Indenture dated December 30, 1922, between the Company and The New York Trust Company as Trustee, *to which Indenture reference is hereby made for a statement of the rights of the holders of said bonds*." The court there said, in commenting on the effect of such language: " The reference to the indenture did not fairly place the bondholder on notice of any restriction upon defendant's obligation to pay at maturity, so as to preclude action at that time by individual bondholders to sue for and collect the principal."

In the present case the bonds provide on their face for payment of the principal on November 1, 1945, and for payment of interest semi-annually on the first days of May and November in each year upon the presentation and surrender of interest coupons as they severally mature. They further provide as follows: " This bond is one of an authorized issue of bonds of the Company known as its ' First Mortgage Leasehold Sinking Fund $6\frac{1}{2}\%$ Gold Bonds ' (herein called the ' bonds ') aggregating not exceeding Six Million five hundred thousand Dollars ($6,500,000) in principal amount at any one time outstanding, all issued and to be issued under and equally secured by an indenture of mortgage, dated as of the first day of November, 1925, duly executed and delivered by the Company to Manufacturers Trust Company, as Trustee, to which indenture reference is hereby made for a description of the mortgaged premises, the nature and extent of the security, the rights

of the bondholders as to such security, and for a full statement of the terms and conditions with respect to the enforcement of such rights. * * * *In case an event of default as defined in the indenture shall occur, the principal of this bond may be declared and become due and payable in the manner and with the effect provided in said indenture.*"

In the mortgage indenture involved in the *Cunningham* case, as in the mortgage indenture securing the bonds involved in this case, the right of the holder of any bond to institute an action for the enforcement thereof was restricted; in fact, the provisions, except as to percentages, are quite similar.

The distinction claimed by appellant is not apparent. As stated, the bonds in the *Cunningham* case made reference to the indenture for a statement of the rights of the holders of said bonds. In this case the bonds provide that in the event of default the principal would become due and payable in the manner provided for in the indenture. In both cases the bondholders were warned and directed to look to the indenture before they leaped, but the *Cunningham* case decided that the language of reference in the bonds therein involved did not place the bondholders on notice. The difference, as I view it, amounts to a mere quibble, and has nothing of substance to it. If the principle enunciated in the *Cunningham* case is good law it should apply to this case. It may be added that in two other actions against this same defendant a recovery has been permitted upon coupons. (*Gellens* v. *11 West 42nd Street, Inc.*, 259 App. Div. 435; *Lewis* v. *11 West 42nd Street, Inc.*, 15 N. Y. Supp. [2d] 330.) I recommend an affirmance of the order and judgment upon the authority of the *Cunningham* case.

HILL, P. J., CRAPSER, HEFFERNAN and SCHENCK, JJ., concur.

Order and judgment appealed from affirmed, with costs.