AETNA CASUALTY AND SURETY COMPANY, Respondent, *v.* ROBERT G. MCCULLOUGH, Appellant.

First Department, March 13, 1973.

162

*Donald Tirschwell* for appellant.

*Arthur Lambert* of counsel (*Hendler & Murray,* attorneys), for respondent.

STEVENS, P. J.   Judgment entered April 18, 1972, in New York County, after nonjury trial (HELMAN, J.) affirmed, with costs to respondent.

Plaintiff sued as assignee of New York Telephone Company, assignor's former employee, to recover damages occasioned the former employer by reason of defendant's willful and wrongful conduct.

All of us are agreed on the question of defendant's liability. The dissent would modify to reduce the judgment to the sum presumably paid by plaintiff to New York Telephone Company.

In paragraph "Eighth" of the complaint, plaintiff alleges that in consideration "of a sum of money" paid by plaintiff, New York Telephone Company "duly assigned" its claim to plaintiff.

An assignment, without reservation, is generally a transfer of one's whole interest.   The assignee acquires such interest, taking with the assignment all the right, title and interest theretofore possessed by the assignor (*Meeder* v. *Provident Sav. Life Assur. Soc.,* 171 N. Y. 432).   Nor does it matter that the consideration paid was less than the total of the indebtedness (*supra*).   The loss suffered by the former employer, as found by the trial court, far exceeded $60,000.   The court found that such loss was caused by wrongful acts of defendant.   Thus, New York Telephone Company as the owner of the claim was entitled to sue for the entire amount of the loss.   It transferred or assigned this right to plaintiff.   The assignment represented a perfected transaction.

On the other hand, subrogation (of which the dissent speaks) represents a substitution in the acquisition of rights and remedies of another as to a third person or party, and results from the payment of a debt under necessity of avoiding a **loss or**

further loss. The debt is treated in equity as still existing, though paid by the subrogee, and by reason of a legal fiction the subrogee is permitted to go after the person considered primarily responsible for the loss. It is a right which is never accorded to a volunteer. The extent of a subrogee's claim is limited, generally by the amount paid in discharge of the debt.

Plaintiff, as assignee, was not limited in its cause by the actual amount of the consideration given, but is entitled to seek enforcement of the amount specified in the assignment.

The instant case may be readily distinguished from a case such as *Rosenthal Jewelry Corp.* v. *St. Paul Fire & Mar. Ins. Co.* (21 A D 2d 160, affd. 17 N Y 2d 857). After payment of a loss incurred by plaintiff, defendant sued the third party in the name of its insured. After recovering a judgment which included interest and a claim for loss of profits suffered by the insured, the judgment being substantially in excess of the amount paid to the insured, a dispute arose. The dispute involved the accumulated interest on the original loss paid and centered around language used in a so-called loan receipt. The court considered the loan receipt a device under the subrogation provisions of the policy which enabled the insurer to sue the third party in the name of its insured. No such device is employed or involved here. Plaintiff, in the case on appeal, sued in its own name as assignee.

The assignment seems to have been total, rather than partial. The parties could have provided for disposition of any excess recovered and, in such case, their intention would control. However, that issue is not now before us.

The judgment should be affirmed, with costs.

KUPFERMAN, J. (dissenting in part). While I concur on the basic question of liability, I would modify the award to reduce it to $60,000 plus interest.

It is clear that the defendant was less than faithful in his service to the telephone company as the District Manager of its Broad Street office, allowing nonpayment of telephone bills for one customer for the years 1962–1967 to reach a total of over $148,000, somewhat facetiously referred to as " the biggest unpaid telephone bill in the world ".

Certainly, more than negligence was involved in the deliberate way in which the defendant prevented opportunity for attempts at collection. However, what we have here is a suit against the employee by a subrogated fidelity insurer which paid to the telephone company the sum of $60,000 in full settlement of the telephone claim. Yet, the judgment is for

$148,803.40 (plus interest, which brings it to over $200,000), which is the full amount of the unpaid telephone bills involved.

While nobody has raised the question, it seems to me that the insurer should not (despite doubt as to collectibility of any judgment) be making a profit on this transaction. An assignment of the claim was taken by the insurer and a complete release and discharge obtained by it from the New York Telephone Company. '' The amount of subrogation to which a person may be entitled cannot exceed the amount actually paid by him, even if the amount of the obligation discharged was greater than the amount paid by him.'' (57 N. Y. Jur., Subrogation, § 27, p. 76).

The fact that an assignment was taken does not change the basic subrogation situation. (See *Rosenthal Jewelry Corp.* v. *St. Paul Fire & Mar. Ins. Co.*, 21 A D 2d 160 [1st Dept., 1964], affd. without opn. 17 N Y 2d 857; *Salon Serv.* v. *Pacific & Atlantic Shippers*, 30 A D 2d 190 [1st Dept., 1968].)

The right of the surety to pursue the claim depends on subrogation rather than assignment. (83 C. J. S., Subrogation, § 50, p. 678.) '' It is necessary here to distinguish between the discharge by the surety of its obligation to the principal and complete satisfaction of the cause of action in favor of the principal against third parties.'' (*American Sur. Co. of N. Y.* v. *Gerold*, 255 App. Div. 285, 287 [1st Dept., 1938].)

The assignment was, doubtless, to permit the equity of subrogation to arise without payment in full to the insured. (See *McGrath* v. *Carnegie Trust Co.*, 221 N. Y. 92, 95 [1917].)

The Restatement of Restitution (1937) best sums up the situation in the following language (§ 162) : '' i. *Discharge at a discount.* Where the obligation is discharged by the payment of a sum less than the amount of the obligation, or by the transfer of property the value of which is less than the amount of the obligation, the person discharging the obligation is ordinarily not entitled by subrogation to recover the full amount of the obligation, but can recover only the amount he paid or the value of the property used in discharging the obligation. Thus, a surety is entitled by subrogation to recover only the amount which he paid to discharge the obligation. He is entitled to be made whole, but he is not entitled to make a profit.''

MARKEWICH, MURPHY and CAPOZZOLI, JJ., concur with STEVENS, P. J.; KUPFERMAN, J., dissents in part in opinion.

Judgment, Supreme Court, New York County, entered on April 18, 1972, affirmed. Respondent shall recover of **appellant** $60 costs and disbursements of this appeal.