OPINION OF THE COURT
Norman C. Ryp, J.
Defendant moves to dismiss the complaint on the grounds that plaintiff lacks capacity to sue pursuant to CPLR 3211 (subd [a], pars 3, 5) as barred by section 489 of the Judiciary Law (statutory champerty and maintenance).
In this action, plaintiff, which titles itself a leasehold management company, sues a landlord for the proportional share of a tax assessment refund claimed by his tenants pursuant to tax escalation clauses in their commercial leases. Plaintiff maintains he is entitled to bring the action in his name alone as a contracted collecting agent and power of attorney for the tenants.
Defendant contends plaintiff deliberately solicited the tenants in order to obtain the retainer and power of attorney agreement which permits plaintiff to bring suit for *334 the refund and to keep half of the moneys so obtained. Apparently, plaintiff’s firm researches tax records to obtain the names of landlords who have received tax refunds pursuant to article 7 of the Real Property Tax Law, then notifies the tenants of their right to a refund and undertakes, contractually, to obtain the tax refund unto a lawsuit, as necessary, upon the tenants’ behalf.
It is undeniable that tenants whose leases contain tax escalation clauses may, individually, suit their landlords for the tenants’ proportional share of the tax rebate received by the landlord for prior years (Real Property Tax Law, § 726; Schlossberg v 50 East 42nd Co., NYLJ, May 12, 1978, p 6, col 1).
The fulcrum issue for this court is whether plaintiff’s actions violate the proscription against solicitation and assignment of claims of section 489 of the Judiciary Law so that plaintiff is barred from maintaining this action.
It is well settled that champerty and maintenance prevails in New York only by statute. (Sedgwick v Stanton, 144 NY 289, 294-285; Coopers & Lybrand v Levitt, 52 AD2d 493, 497.)
The prohibition of section 489 of the Judiciary Law is clear: “No person or co-partnership * * * and no corporation and association, directly or indirectly, itself or by or through its officers, agents or employees, shall solicit, buy or take an assignment of * * * [a] thing in action, or any claim or demand, with the intent and for the purpose of bringing an action or proceeding thereon” (L 1965, ch 1031, § 125, eff Sept. 1, 1967).
The purpose of the statute (derived from 1909 Penal Law, § 275) is to prevent champertous agreements and the unauthorized practice of law by corporations (7 NY Jur, Champerty and Maintenance, §2). Recent United States Supreme Court cases have upheld a State’s “legitimate and indeed 'compelling’ interest in regulating those aspects of solicitation that involve fraud, undue influence, intimidation, overreaching, and other forms of 'vexatious conduct.’ ” (Ohralik v Ohio State Bar Assn. 436 US 4447, 462.) The New York ban against all solicitation by any persons is total.
*335 Most commonly, this statute has been applied to attorneys. Quite recently, the Second Department has upheld the validity of section 489 of the Judiciary Law in the context of attorney solicitation of clients (e.g., homeowners and real estate brokers) with respect to identified transactions for the purpose of establishing an attorney-client relationship and retainer agreement (Matter of Koffler, 70 AD2d 252). However, New York has also held .that the solicitation of retainers in connection with condemnation proceedings (Matter of Murphy, 254 App Div 770), and activities by so-called probate research organizations which make a business of notifying heirs of their interest with the aim of representing them, for consideration, in establishing their claims (Matter of Tuthill, 256 App Div 539, mot for lv to opp den 256 App Div 1059) is barred by the statutory prohibition (7 NY Jur, Champerty and Maintenance, §§ 14, 15).
Solicitation, as an activity, may be distinguished from advertising. Advertising entails a public notice of the availability of services at a specified rate for purposes of informing and assisting the public in making an informed choice (Matter of Koffler, supra, at p 271). Soliciting, by contrast, connotes an act of entreaty to obtain a particular business transaction (Black’s Law Dictionary [5th ed], “solicit”).
Moreover and apart from section 489 of the Judiciary Law’s own penal sanctions, violation of such statute has been held to be a defense to an action by an assignee corporation (7 NY Jur, § 2; Frank H. Zindle, Inc. v Friedman’s Express, 258 App Div 636). Similarly, with respect to a related statute, section 488 of the Judiciary Law, it has been held, in the case of attorneys who purchased claims for the purpose of bringing an action, that violation of the statute is available as a defense in the action (7 NY Jur, Champerty and Maintenance, § 8; Browning v Marvin, 100 NY 144).
Plaintiff claims the exception of section 490 of the Judiciary Law to the statutory prohibition of section 489 of the Judiciary Law for services actually rendered whereunder plaintiff searched the public records to determine whether *336 there was a tax refund due tenants. The section 490 of the Judiciary Law exception appears to apply only to services actually rendered in the past at the time of the agreement not to be rendered in the future. (Stern v Indemnity Ins. Co. of North Amer., 167 Misc 446, mot for lv to opp den 255 App Div 766.)
Moreover, said statutory defense, section 489 of the Judiciary Law has been held to apply not only to an outright assignment where the assignee, having received full title to the claim, sues in his own name, but also to situations where the assignee “only sues on behalf of the assignor and remits all sums received, less an amount for his services” (American Optical Co. v Curtiss, 56 FED 26, 31). Thus, section 489 of the Judiciary Law applies to prohibit the taking of claims with the intent to sue, “regardless of whether the claim is structured to appear to belong to the corporation or to the assignor” (American Optical Co. v Curtiss, supra, p 31).
The submitted proofs clearly show that the letters sent by plaintiff to the tenants of defendant constitute solicitation which is proscribed by section 489 of the Judiciary Law. The letters seek out particular individuals believed to be interested in a particular legal claim and urge that such persons retain plaintiff corporation to represent them. (Cf. Matter of Koffler, 70 AD2d 252, 271-272, supra.) It is likewise clear that the intent and culmination of such solicitation was the execution of the agreements between plaintiff and tenants whereby plaintiff agreed to prosecute said tenants’ refund claims against defendant landlord, “if necessary or advisable” by legal action, in return for an even split of any tax refund obtained. In effect, plaintiff was thereby assigned a one-half interest of the tenants’ claims, solely for the pecuniary gain to be realized therefrom. Thus, if the court finds that the assignment or acquiring of an interest in the claim was intended to achieve a transfer for the “sole and primary purpose of bringing an action “thereon without a legitimate business reason, dismissal is required by section 489 of the Judiciary Law (Fairchild Hiller Corp. v McDonnell Douglas Corp., 28 NY2d 325, 330; American Express Co. v Control Data Corp., *337 50 AD2d 749; Prudential Oil Corp. v Phillips Petroleum Co., 69 AD2d 763).
To the threshold question of the intent and primary purpose of the agreement, the parties have raised factual issues which require a hearing.
Accordingly, the key issue of whether the intent and primary purpose of the agreement is referred to Trial Term, Part 7 for assignment to hear and report. Pending receipt of this report, final determination of this motion is held in abeyance.
Counsel are directed to file a conformed copy of this order, with the office of the Referee, Room 308-M, 60 Centre Street, New York, New York, within 10 days after publication for the purpose of obtaining a calendar date.