OPINION OF THE COURT
Harold Baer, Jr., J.
Defendant, Peat, Marwick, Mitchell & Company (PMM), moves pursuant to CPLR 3211 (a) (7) to dismiss the complaint.
Plaintiff, Hartford Accident & Indemnity Company (Hartford), paid the loss incurred by Environmental Defense Fund Inc. (EDF) resulting from five years of embezzlement by two EDF officers. Hartford insured EDF against the possibility of employee dishonesty. EDF retained PMM to audit its books prior to 1979. The retention continued until April 1984. Beginning in March 1979 and continuing until 1984, EDF employed Theodore Anderman as controller and Joseph Yerby as assistant controller. Both officers apparently embezzled moneys by paying themselves far more salary than authorized. Hartford is suing PMM based on the audit they performed. As assignee and/or subrogee, Hartford charges that PMM was negligent in its examination and audit of EDF, and that negligence resulted in the loss to EDF of $148,740.28. For a second cause of action, Hartford alleges that defendant breached the contract between EDF and PMM.
*991 PMM maintains that Hartford, based on the doctrine of superior equities, is barred from bringing an action based upon subrogated rights. That doctrine, as well as subrogation itself, has been explained this way: "The doctrine of subrogation is of equitable origin and does not rest upon any right acquired by contract but simply upon the equitable principle that substantial justice should be attained regardless of form, so that the person primarily liable should be compelled * * * to pay the debt * * * but this doctrine can never be invoked against one whose equities are equal or superior to those of the party seeking to be subrogated.” (Bell v Greenwood, 229 App Div 550, 552 [2d Dept 1930].)
Defendant argues PMM was hardly a confederate, nor did it benefit from the embezzlement. Furthermore, Hartford was engaged and paid a premium to insure just such a loss to EDF, and further that PMM had no responsibility to ferret out, discover or prevent the fraud. Audits are frequently a weapon used to uncover fraud, and this may be specifically provided for or otherwise shown to be the intent of the parties. (See, National Sur. Corp. v Lybrand, 256 App Div 226 [1st Dept 1939].) Since neither the contract for the audit nor any showing of what the parties intended the audit to include is before the court, no determination on that score may be undertaken. Nonetheless, on those facts before me and assuming continued life for the theory, Hartford must lose on the doctrine of superior equities. Hartford contends that regardless of its rights to subrogation, it has an undisputed assignment and may proceed on that basis.
The Appellate Division, in Aetna Cas. & Sur. Co. v McCullough (41 AD2d 161, 162 [1st Dept 1973]), defined an assignment as follows: "An assignment, without reservation, is generally a transfer of one’s whole interest. The assignee acquires such interest, taking with the assignment all the right, title and interest theretofore possessed by the assignor * * * Nor does it matter that the consideration paid was less than the total of the indebtedness”. An assignment, which is contractual in nature and not based on an equitable legal fiction, is not subject to the limitations of the superior equities, and seemingly Hartford may proceed on this theory, at least for the time being.
The defendant urges that Judiciary Law § 489 prohibits the assignment as the basis for Hartford’s lawsuit. The purpose of section 489 is to prevent champertous agreements and the *992 unauthorized practice of law by corporations. (Knobel v Estate of Eugene A. Hoffman Inc., 105 Misc 2d 333 [Sup Ct, NY County 1980].) The statute specifically exempts "moneyed corporations” authorized to do business in the State of New York. A moneyed corporation according to New York General Construction Law § 66 (9) is "a corporation to which the banking law or the insurance law is made applicable by the provisions of such law.” Hartford is an insurance company and, therefore, exempt from the application of Judiciary Law §489.
Turning to CPLR 3013, that section requires that statements in a pleading shall be sufficiently particular to give the court and the parties notice of the transaction, occurrences or series of transaction or occurrences intended to be proved and the material elements of each cause of action or defense. The complaint fulfills the requirements of that section.
At this stage of a lawsuit, the complaint must be liberally construed in favor of the plaintiff, and if the complaint can be construed to state a cause of action, it should be sustained. (European Am. Bank & Trust Co. v Strauhs & Kaye, 102 AD2d 776 [1st Dept 1984].) With this shibboleth as a guide and prior to any discovery, both arms of the motion to dismiss must be denied.