■ PRUDENTIAL OIL CORPORATION, Respondent-Appellant, v PHILLIPS PETROLEUM COMPANY, Appellant-Respondent.—Orders, Supreme Court, New York County, entered, respectively, September 16, 1977 and June 22, 1978, affirmed, without costs. As to defendant-appellant-respondent's claim that dismissal is required by section 489 of the Judiciary Law, an argument adopted by our respected dissenter, it is necessary only to add that the situation here found meets the requirements set out in *Fairchild Hiller Corp. v McDonnell Douglas Corp.* (28 NY2d 325) and *American Express Co. v Control Data Corp.* (50 AD2d 749) of a peculiar relationship between assignee and assignor such as to obviate any legitimate finding that the sole reason for the assignment was to achieve a transfer for the purpose of suit, and that alone, without "a legitimate business reason." *(Prudential Oil Corp. v Phillips Petroleum Corp.,* 546 F2d 469, 476.) The subject assignment, as Special Term found, was but one small detail of corporate parent restricture involving several subsidiaries and dispositive of a wide range of assets. Collateral estoppel did not preclude Special Term from so finding. That the United States Court of Appeals made a finding that the assignment was inoperative to confer jurisdiction upon that court does not necessarily mean that the agreement is champertous under State law. "The existence of federal jurisdiction is a matter of federal, not state, law." *(Kramer v Caribbean Mills,* 394 US 823, 829.) There the converse situation was before the court: that because an assignment was valid under State law, it was *ipso facto* valid to sustain subject matter jurisdiction under section 1359 of title 28 of the United States Code. In short, the purpose behind examination for existence of diversity jurisdiction (§ 1359) was entirely different from that in this court. We are therefore not bound by the highly restricted finding in the Federal court, applicable as it was solely to the limited matter of subject matter jurisdiction. The Federal finding did not work a collateral estoppel. (Cf. *Silberstein v Silberstein,* 218 NY 525, 528; *Mehlhop v Central Union Trust Co. of N. Y.,* 235 NY 102, 108.) The adjudication in the Federal courts was not on the merits at all, and the facts found are not material to the instant case. (Cf. *Erie R. R. Co. v International Ry. Co.,* 209 App Div 380, 383, affd 239 NY 598; see 9 Carmody-Wait 2d, NY Prac, § 63:207.; Siegel, New York Practice, § 469.) Examination of the factual pattern discussed in the opinion below more than justifies Justice

Nadel's refusal at Special Term to find and apply collateral estoppel. Concur —Sandler, Sullivan and Markewich, JJ.

Murphy, P. J., dissents in a memorandum, as follows: A prior action for this same relief involving these same parties was dismissed by the United States Court of Appeals on the ground that diversity jurisdiction was lacking (546 F2d 469). That court found that the plaintiff's Delaware parent had assigned the subject claim to the plaintiff for the sole purpose of prosecuting that claim. Since that court found that there was no legitimate business reason for the assignment, it refused to entertain diversity jurisdiction under section 1359 of title 28 of the United States Code. Simply stated, collateral estoppel means that, when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot be litigated between the same parties in any future lawsuit *(Matter of McGrath v Gold,* 36 NY2d 406, 411). Since the United States Court of Appeals has previously determined that the assignment to plaintiff was made for the exclusive reason of bringing suit, that fact may not be relitigated in this action. In any event, the independent evidence presented in this record establishes the uncontroverted fact that this assignment was made for the exclusive purpose of collection. The defendant in this proceeding moved to dismiss the second amended complaint on the ground that it violated the champerty prohibition embodied in section 489 of the Judiciary Law. To fall within that statutory prohibition, an assignment from one corporation to another must be made for the very purpose of bringing suit to the exclusion of any other purpose. *(Fairchild Hiller Corp. v McDonnell Douglas Corp.,* 28 NY2d 325, 330.)* Thus, the New York State Court of Appeals has already dismissed a suit brought by a subsidiary which was being used as an exclusive collecting vehicle by its parent *(Bennett v Supreme Enforcement Corp.,* 250 App Div 265, affd 275 NY 502). In view of the fact that the second amended complaint is founded on an assignment made for the express purpose of bringing suit, it is violative of the champerty statute *(Bennett v Supreme Enforcement Corp., supra).* While the assignment occurred during the parent's corporate reorganization, it was not made for any legitimate corporate purpose as is evidenced by the fact that this claim is the sole asset of the plaintiff. Therefore, the order of the Supreme Court, New York County, entered June 22, 1978, should be reversed and the motion to dismiss should be granted. The appeal and cross appeal from the order of the Supreme Court, New York County, entered September 16, 1977, should be dismissed as academic.