**Louis APOSTOLOU, et al., Plaintiffs,**

v.

**GELDERMANN, INC., et al., Defendants.**

**No. 94 C 3876.**

United States District Court,
N.D. Illinois,
Eastern Division.

Jan. 25, 1996.

■

---

Stephen B. Diamond, Beeler, Schad & Diamond, P.C., Chicago, IL, Arthur W. Aufmann, Kubasiak, Cremieux, Fylstra & Reizen, P.C., Chicago, IL, Edward T. Joyce, Rowena T. Paras, Edward T. Joyce & Associates, P.C., Chicago, IL, for Louis Apostolou, Peter Bizios, Gus Cappas, Spiros Chionis, Louis Dimas, Peter Dravilas, Ted Garbis, Irene Garbis, Vasilios Georgopoulos, Dean Glinos, James Glinos, Peter Glinos, Michael Gountanis, Steve Homatas, George Karabelas, Peter Klaritis, Julie Klaritis, Bill Kyriakopoulos, Joseph Lipira, Sandra Lipira, Ted Lykouretzos, Pat Lykouretzos, Gus Manaves, Spiros Mataragas, James Papadakis, Nick Pitsilos, Peter Revelis, Peter Sarantis, Bill Sizopoulos, Pete Spilios, Dorothea Touris, Mimi Tsoutsias, Nicholas Vangel, Paul Velliotis, Gust Vitogiannis, Steve Vitogiannis.

Tyrone C. Fahner, Andrew Stanley Marovitz, Marshall E. Hanbury, Amy E. Newman, Mayer, Brown & Platt, Chicago, IL, James P. Fitzgerald, James C. Powers, Patrick E. Brookhouser, Jr., McGrath, North, Mullin & Kratz, Omaha, NE, for Geldermann, Inc.

Charles M. Thomson, James Andrew Larson, Harris, Goldstein & Thomson, Chicago, IL, for Daniel J. Collins, Edward M. Collins, James J. Collins, Patricia Collins, Bernard Miraglia, John R. Wade.

Thomas E. Gibbs, Chicago, IL, for John Matthews.

Michael Joseph Kralovec, Joseph R. Lemersal, Nash, Lalich & Kralovec, Chicago, IL, for Stanley Stevens, Kiki Stevens, Katina S. Stevens.

Tyrone C. Fahner, Andrew Stanley Marovitz, Marshall E. Hanbury, Amy E. Newman, Mayer, Brown & Platt, Chicago, IL, James P. Fitzgerald, James G. Powers, Patrick E. Brookhouser, Jr., McGrath, North, Mullin & Kratz, Omaha, NE, for Katina S. Stevens.

James Bernard McCabe, Law Offices of James B. McCabe, Arlington Heights, IL, for Carol Henke, James Henke, Barbara Patrick, Gary Patrick, Patricia Paustenbach, Thomas Paustenbach.

Peter Frank Zullo, Francis James Marasa, Christina Lazich Anderson, Sweeney & Riman, Ltd., Chicago, IL, for John R. Wade.

Richard W. Burke, Gerard Dennis Ring, Burke, Warren & MacKay, Chicago, IL, for Martin Andrea.

Lawrence Charles Rubin, Gregg Elliot Szilagyi, Shefsky, Froelich & Devine, Ltd., Chicago, IL, for Symcat Real Estate Partnership, Panangiotis Kirimis, Epaminondas Kirimis, Gus Alpogianis, Evangeline Alpogianis.

John S. Bishof, Jr., Chicago, IL, for Robert Kemp.

Michael A. Braun, Ira N. Helfgot, Braun & Rivkin, Chicago, IL, Peter Gregory Frezados, James Regas, Regas, Frezados & Harp, Chicago, IL, for George Arvanitis, Harry Besbeas, Lester Cole, Art Collins, Anthony Costa, Bill Demakis.

Tyrone C. Fahner, Andrew Stanley Marovitz, Marshall E. Hanbury, Amy E. Newman, Mayer, Brown & Platt, Chicago, IL, for Geldermann, Inc.

Peter D. Sullivan, Hinshaw & Culbertson, Chicago, IL, for James B. Koch.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Presently before this court are three motions, seeking the reassignment of eight cases to the calendar of this court and consolidation of all nine cases for trial. For the reasons set forth below, we deny the motions for complete reassignment and consolidation, and instead recommend to the Executive Committee that the eight cases (as well as three others) be reassigned to this court for the limited purpose of coordinating pretrial proceedings.

What follows is a brief sketch of the allegations made by the plaintiffs in each of the cases at issue. Simply put, the plaintiffs claim that Thomas Collins ("Collins") and the individual defendants, through their operation and promotion of Lake States Commodities, Inc. ("Lake States"), carried out an elaborate Ponzi scheme against them. Although Collins and some of the defendants allegedly told investors that Lake States was being used to pool funds to trade commodity futures, none of the relevant parties were registered with the Commodity Futures Trading Commission ("CFTC") as futures commission merchants, commodity pool operators, or commodity trading advisors. Thus, although Lake States was formed for the legal purpose of trading commodities futures, because neither the corporation nor its promoters were registered with the CFTC, Lake States was not permitted by law to pool investor funds to trade commodity futures.

The whole scheme came crashing down in June 1994, and Collins has flown the coop. One group of disgruntled investors filed involuntary bankruptcy petitions against Lake States and Collins, while a second group filed civil lawsuits against the individual defendants—who acted as commodity pool sellers for Lake States—and Geldermann, Inc. ("Geldermann"), the clearinghouse through which Collins traded the third-party funds. The first complaint was assigned to this court as *Apostolou v. Geldermann*, No. 94 C 3876, and at least twelve other complaints have

been filed by investors who claim that Geldermann and the individual defendants are liable for their losses. The plaintiffs in eight of these cases have moved for reassignment to this court on the basis of relatedness with *Apostolou:* 94 C 6371 (Judge Bucklo), 94 C 7565 (Judge Marovich), 95 C 0599 (Judge Zagel), 95 C 3172 (Judge Shadur), 95 C 3292 (Judge Hart), 95 C 3293 (Judge Nordberg), 95 C 3403 (Judge Marovich), and 95 C 5910 (Judge Duff). In addition, our search of the docket of Northern District of Illinois has revealed four additional cases against the same defendants and claiming the same violations of federal and state law: 94 C 4631 (Judge Manning), 95 C 1114 (another case assigned to this court), 95 C 3325 (Judge Marovich), and 95 C 3531 (Judge Norgle). As all of these cases lay in the same posture with regard to the pending motions for reassignment, we will consider whether any or all of them are appropriate for reassignment.

Local General Rule 2.31 of the Northern District of Illinois ("Local Rule 2.31") provides for the reassignment of a pending case to another judge of the district based on its "relatedness" to a case pending before the second judge. For a case to be reassigned in this manner, one of the conditions of Local Rule 2.31(A) must be satisfied, and all of the requirements of Local Rule 2.31(B) must be met. In relevant part, Local Rule 2.31(A) deems two cases related if they "involve the same issues of fact or law." Even if two cases are related, reassignment will only be appropriate if:

(1) both cases are pending; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) where a finding of relatedness is requested on the basis of common questions of law, such questions are complex or numerous; or where such a finding is requested on the basis of common questions of fact, such questions are susceptible of resolution in a joint hearing.

Local Rule 2.31(B). A motion for reassignment on the basis of relatedness is not made to the judge before whom the case is pending, but "shall be filed with the judge before whom the lowest-numbered case of the claimed related set is pending." Local Rule 2.31(C).

We agree with the plaintiffs who have moved for reassignment that the twelve cases at issue are related to *Apostolou*. Each complaint, which essentially mimics the fourteen-count amended complaint filed in *Apostolou*, alleges that by procuring investments in Lake States, and permitting Lake States to trade commodity futures without being registered with the CFTC, the individual defendants and Geldermann violated the Commodity Exchange Act §§ 4d, 4b, 4o, and 9(a) (7 U.S.C. §§ 6d, 6b, 6o, 13(a)), the Securities Act of 1933 §§ 12(a)(2) and 15 (15 U.S.C. §§ 77l (a)(2), 77o ), the Securities Exchange Act of 1934 §§ 10(b) and 20(a) (15 U.S.C. §§ 78j(b), 78t(a)), Securities and Exchange Commission Rule 10b–5 (17 C.F.R. § 240.10b–5), the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961–1968), and the common law of fraud.[1] The allegations focus on essentially the same behavior by the defendants, and the theories of liability are identical. Thus, because the thirteen complaints give rise to common questions of law, they are related under the definition of Local Rule 2.31(A).

However, notwithstanding the relatedness of the cases, we do not believe at this time that reassignment is appropriate under section B of Local Rule 2.31. True, all the cases are currently pending, and none has progressed to the point where the earlier cases would be delayed by the reassignment of the later ones.[2] Moreover, the questions of law common to all the cases appear both complex and numerous. Nonetheless, we are not convinced at this point that the reassignment of all the cases to this court "is likely to result in a *substantial saving* of judicial time and effort." Local Rule 2.31(B)(2) (emphasis added). The plaintiffs, who vary widely in investor sophistication, contend that they were deceived by the individual defendants as to the legitimacy of Lake States. The representations made to each plaintiff, and the reasonableness of any reliance actually placed on these representations, might well differ from plaintiff to plaintiff. Thus, at this stage in the proceedings it is unclear whether several separate trials will be necessary to resolve the contested factual issues, in which event reassignment would not result in a substantial saving of judicial time and effort. Accordingly, we will not accept reassignment of the eleven cases at issue pursuant to Local Rule 2.31. If at a later time it appears that reassignment is appropriate, we will reconsider the motions for reassignment.

Despite our rejection of a complete reassignment at this point, we recognize that the commonality between the cases is strong enough to merit some form of coordinated treatment. Even if a group of cases is not appropriate for reassignment, Local Rule 2.30(G) provides for their *limited* reassignment to a single judge for coordinated pretrial proceedings where the Executive Committee determines that such treatment "would be in the best interests of efficient judicial administration." In this instance some of the defendants will most certainly have arguments for dismissal that will be common to all the cases.[3] Moreover, because the defendants in each case are identical (with the exception discussed *supra* at note 1), and a significant degree of factual overlap may exist between the cases, a coordinated discovery plan for all cases would be in the

1. The plaintiffs in *Arvanitis v. Geldermann*, 95 C 1114, also bring two counts against James B. Koch—the attorney for the defendants during the solvency of Lake States—for negligence and breach of contract.

2. This is because all actions against the defendants were stayed in October 1994 by the bankruptcy court which presided over the involuntary petitions of Collins and Lake States, *see In re Lake States Commodities, Inc.*, 173 B.R. 642 (Bankr.N.D.Ill.). Although the injunction issued by the bankruptcy court was recently dissolved by the district court on appeal, *Apostolou v. Fisher*, 188 B.R. 958 (N.D.Ill.1995), none of the civil actions have progressed any further.

3. Indeed, we have been informed by Judge Shadur that Geldermann has already filed a motion to dismiss certain counts in *Henke v. Geldermann*, No. 95 C 3172. Judge Shadur deferred ruling on that motion until the disposition of the instant motions to reassign.

interests of the parties and their attorneys. Accordingly, we will recommend to the Executive Committee that the eleven cases[4] listed below in Appendix I be reassigned to this court for the limited purpose of resolving a consolidated motion to dismiss that raises legal issues common to all cases, and coordinating pretrial discovery matters. Counsel in all thirteen related cases are directed to appear for a status on February 13, 1996 at 10:00 a.m., at which time they shall be prepared to discuss (1) a joint discovery plan, worked-out ahead of time by the parties, (2) the viability of utilizing Magistrate Judge Lefkow (who has been assigned to the *Apostolou* case) to resolve all discovery disputes common to each of the thirteen cases, and (3) the filing of a consolidated motion to dismiss on issues applicable to all cases, as well as the filing of a coordinated and joint response by the plaintiffs to any such motion.[5] It is so ordered.

### APPENDIX I

#### Cases to be Reassigned for Pretrial Purposes

1. *Stevens v. Geldermann*, 94 C 4631 (Judge Manning)

2. *Compton v. Geldermann*, 94 C 6371 (Judge Bucklo)

3. *Paraskevopoulos v. Geldermann*, 94 C 7565 (Judge Marovich)

4. *Allison v. Geldermann*, 95 C 0599 (Judge Zagel)

5. *Henke v. Geldermann*, 95 C 3172 (Judge Shadur)

6. *Arnet v. Geldermann*, 95 C 3292 (Judge Hart)

7. *Sellis v. Geldermann*, 95 C 3293 (Judge Nordberg)

8. *Andrea v. Geldermann*, 95 C 3325 (Judge Marovich)

9. *Boesche v. Geldermann*, 95 C 3403 (Judge Marovich)

10. *Symcat Real Estate v. Geldermann*, 95 C 3531 (Judge Norgle)

11. *Kemp v. Geldermann*, 95 C 5910 (Judge Duff)

To be reassigned pursuant to Local Rule 2.30(G) with *Apostolou v. Geldermann*, 94 C 3876, and *Arvanitis v. Geldermann*, 95 C 1114, already pending before this court.

**4.** The twelfth case at issue, *Arvanitis v. Geldermann*, No. 94 C 1114, has already been directly assigned to this court.

**5.** We will also discuss at this status hearing the matter of possible future reconsideration of our denial of the motion for reassignment.