**Ralphael OKORO, Plaintiff–Appellant,**

v.

**Randall BOHMAN, et al., Defendants–Appellees.**

**No. 97–1615.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 18, 1998.

Decided Jan. 8, 1999.

Rehearing Denied Feb. 23, 1999.

Matthew R. Kipp, Ian D. Roffman, Janet Thabit (argued), Skadden, Arps, Slate, Meagher & Flom, Chicago, IL, for Plaintiff–Appellant.

Lawrence Rosenthal, Benna R. Solomon, Julian Henriques, Susan S. Sher, Office of the Corporation Counsel, Appeals Division, for Commander Callaghan and Anthony Deleonardis.

James M. Kuhn (argued), Office of the United States Attorney, Thomas P. Walsh, Office of the United States Attorney, Civil Division, Chicago, IL, for Randall Bohman and Daniel Dodds.

Before POSNER, Chief Judge, and BAUER and KANNE, Circuit Judges.

POSNER, Chief Judge.

A federal prisoner has sued federal and state law enforcement officers for the return of gems and cash that he claims the defendants seized in the course of searching his home. The district court allowed Okoro to proceed in forma pauperis, but later dismissed his suit on the ground that it was barred by res judicata or, alternatively, by absence of federal subject-matter jurisdiction. Okoro has appealed, presenting questions concerning jurisdiction to recover property held by federal authorities and the res judicata effect of dismissals under the statute (28 U.S.C. § 1915) governing proceedings in forma pauperis.

Back in 1993 Okoro was arrested in his home by several of the defendants on suspicion of being a heroin dealer; the search of which he complains in the present suit was incident to the arrest. Prosecuted on federal drug charges—and drugs allegedly seized in the search were introduced in evidence against him—he was convicted and sentenced to prison, where he remains. But shortly before this court affirmed Okoro's conviction and sentence in an unpublished opinion, he had filed a civil suit in federal district court

claiming that the defendants—the same defendants as in the present case, plus others—had framed him in violation of the Constitution. He asked for leave to proceed in forma pauperis. This was denied, and his suit dismissed, on the ground that it was frivolous in light of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which holds that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside.

■ Okoro brought a second, essentially identical suit, which was disposed of similarly. Then he brought the present suit, seeking the return of the gems allegedly seized during the search that had accompanied his arrest. This suit was not dismissed on *Heck* grounds, presumably because success in it would not necessarily undermine the validity of Okoro's conviction; he could be guilty of drug violations yet also have been the victim of a theft by the officers who arrested him. *Gonzalez v. Entress*, 133 F.3d 551, 553–54 (7th Cir.1998); *United States v. Guzman*, 85 F.3d 823, 830 (1st Cir.1996); cf. *Nance v. Vieregge*, 147 F.3d 589, 591–92 (7th Cir.1998). Yet from the outset Okoro has insisted that when arrested he was not trying to sell the officers heroin, as they testified, but instead trying to sell them the gems that (he claims) they stole. If this is true, then almost certainly he was convicted in error, for that testimony was an essential part of the evidence against him in the criminal case. If he cannot prevail on his claim for the return of the gems without undermining the criminal case against him, then he is barred by *Heck* unless and until he knocks out his conviction. But this point is not argued by the defendants, so we'll not pursue it. We are not required to, since the *Heck* defense is not jurisdictional. *Nesses v. Shepard*, 68 F.3d 1003, 1005 (7th Cir.1995); *Dixon v. Chrans*, 101 F.3d 1228, 1231 (7th Cir.1996).

■ The district court's manner of disposing of Okoro's suit—first holding that it was barred by res judicata and then, in the alternative, that it was outside the court's jurisdiction—was irregular. With an immaterial exception explained in *McNamara v. City of Chicago*, 138 F.3d 1219, 1222 (7th Cir.1998), jurisdictional issues should be addressed first and if they are resolved against jurisdiction

the case is at an end and there is no occasion to address the merits. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 118 S.Ct. 1003, 1016, 140 L.Ed.2d 210 (1998); *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir.1998). So we shall reverse the order of his discussion, and begin with the jurisdictional issue.

Although Okoro's pleading was convoluted (he did not have a lawyer), the judge was correct to conclude that what Okoro essentially seeks is simply the return of his property under Rule 41(e) of the Federal Rules of Criminal Procedure. It is true that motions under this rule ordinarily seek relief against the United States (not named in Okoro's motion). See, e.g., *United States v. Solis*, 108 F.3d 722 (7th Cir.1997). The reason is that ordinarily it is the government that is the possessor of property seized for a criminal investigation, rather than the particular officers who seized it. And it is also true that a Rule 41(e) motion usually is filed in the underlying criminal proceeding rather than as a separate action, since (in the ordinary case) the parties are the same. But Okoro's theory is not that the United States government is holding his gems, but that the defendant officers are, and that they are doing so not as agents of the United States but in their private capacity; and so he was right to seek relief against them.

■ The district judge (Judge Nordberg) dismissed Okoro's Rule 41(e) motion for lack of jurisdiction on the ground that it had to be filed with the district judge (Judge Shadur) who had presided at Okoro's criminal trial and was and is presiding over the numerous postconviction proceedings that Okoro has filed in an effort, as yet unsuccessful, to void his conviction, because the motion was ancillary to the criminal case. This was a mistake. Ancillary the motion was, and so it could properly have been filed with Judge Shadur, *United States v. Taylor*, 975 F.2d 402, 403 (7th Cir.1992), but nothing in the rule required Okoro to proceed thus. E.g., *Interstate Cigar Co. v. United States*, 928 F.2d 221, 222 n. 1 (7th Cir.1991); *Pena v. United States*, 122 F.3d 3, 4–5 (5th Cir.1997); *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir.1995); 3 Charles A. Wright, *Federal*

*Practice and Procedure*: Criminal § 673, p. 765 (2d ed.1982). Rule 41(e) requires only that the motion be filed in the district court in which the property was seized. Okoro complied with that requirement. Which judge in the Northern District of Illinois was assigned to hear the motion was a matter without jurisdictional significance. The district court has procedures for transferring cases from the originally assigned judge, and Judge Nordberg could have invoked these procedures had he thought it important for Judge Shadur rather than himself to decide Okoro's motion. See N.D. Ill. R. 2.31; *Apostolou v. Geldermann, Inc.*, 919 F.Supp. 289 (N.D.Ill.1996). He had no warrant for dismissing the motion just because he thought it better for Judge Shadur to decide it.

So we proceed to the alternative ground on which the district court refused to give Okoro any relief—that his motion is barred by res judicata. This would be clear if the two prior suits had been paid suits dismissed on the merits for failure to state a claim in light of *Heck v. Humphrey*. It would not matter that the prior suits charged different violations of law, alleged different facts, and sought different relief. Under the federal common law of res judicata, a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment. *Wilson v. City of Chicago*, 120 F.3d 681, 687 (7th Cir.1997); *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852–53 (7th Cir.1996); *Herrmann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir.1993); *Restatement (Second) of Judgments* § 24 (1982). This test, which does not require identity of legal theory or of facts, is satisfied here. All three suits arose from the same event cluster, namely the investigation and prosecution of Okoro for federal drug offenses. According to his allegations in the first two suits, Okoro was the victim of a massive conspiracy to frame him. The overt acts of the conspiracy included a meeting at his home in which he tried to sell members of the conspiracy gems but they claimed he tried to sell them heroin. If they not only testified falsely about his trying to sell them heroin but also, and at the very meeting about which they testified falsely, had stolen his gems (and some cash to boot), it was incumbent on him to allege the theft, along with the conspiracy to frame him, in his first suit. See, e.g., *Brzostowski v. Laidlaw Waste Systems, Inc.* 49 F.3d 337, 339 (7th Cir.1995); *Herrmann v. Cencom Cable Associates, Inc., supra,* 999 F.2d at 226–27; *Atkins v. Hancock County Sheriff's Merit Board,* 910 F.2d 403 (7th Cir.1990); *Massachusetts School of Law v. American Bar Ass'n,* 142 F.3d 26, 37–39 (1st Cir.1998). It was part of the same ball of wax.

But we must consider whether it matters that the first two suits were not paid suits and did not result in judgments on the merits, but instead were dismissed under 28 U.S.C. § 1915(d) (now 28 U.S.C. § 1915(e)(2)(B)(i)) as frivolous. The blackletter law is that only a "judgment on the merits" has res judicata effect. E.g., *Herrmann v. Cencom Cable Associates, Inc., supra,* 999 F.2d at 224. But much black-letter law is reliable only when understood as generally valid generalization rather than as literal truth; and that is the case here. A judgment that does not resolve the dispute between the litigants and in that sense is not "on the merits" may nevertheless have a preclusive effect, though it will usually be a more limited effect than that of a judgment on the merits. Had Okoro's first two suits been dismissed because he failed to establish his indigence yet refused to pay the regular filing fee, the dismissals would not bar him from filing the same suit against the same defendants a third time, provided that he paid the filing fee. *Denton v. Hernandez,* 504 U.S. 25, 34, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); *Mathis v. New York Life Ins. Co.,* 133 F.3d 546 (7th Cir.1998) (per curiam); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 787 (7th Cir.1995); *Hake v. Clarke,* 91 F.3d 1129, 1131 n. 2 (8th Cir.1996). But they would bar him from filing the suit if he refused to pay the fee on the ground that the court had erred in ruling that he had not established his indigence. For that issue would have been definitively resolved in the first dismissal.

Or suppose he had brought a statelaw tort suit in federal district court against one of the defendants and it had been dis-

missed on the ground that there was no diversity of citizenship. He could not refile the suit in federal court, even though it had been dismissed on jurisdictional grounds, because (as in our previous example) a jurisdictional dismissal is res judicata on the jurisdictional issue. *Ricketts v. Midwest National Bank,* 874 F.2d 1177, 1182 n. 4 (7th Cir.1989); *Magnus Electronics, Inc. v. La Republica Argentina,* 830 F.2d 1396, 1400 (7th Cir.1987); *Bromwell v. Michigan Mutual Ins. Co.,* 115 F.3d 208, 212–13 (3d Cir.1997); *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians,* 94 F.3d 747, 754 (2d Cir.1996); 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4403, p. 11 (1981). But if he refiled his suit in state court, the defendant could not set up the dismissal by the federal court as res judicata, the lack of *federal* jurisdiction being irrelevant to whether a suit can be maintained in a state court. *T.W. by Enk v. Brophy,* 124 F.3d 893, 898 (7th Cir.1997); *Magnus Electronics, Inc. v. La Republica Argentina, supra,* 830 F.2d at 1400; see also *River Park, Inc. v. City of Highland Park,* 184 Ill.2d 290, 234 Ill.Dec. 783, 703 N.E.2d 883, 888–89 (1998); *Calvello v. Yankton Sioux Tribe,* 1998 SD 107, 584 N.W.2d 108, 114 n. 5 (1998); *Stevedoring Services of America, Inc. v. Eggert,* 129 Wash.2d 17, 914 P.2d 737, 749 (1996).

■ It may seem paradoxical to suggest that a court can render a preclusive judgment when dismissing a suit on the ground that the suit does not engage the jurisdiction of the court. But the paradox is superficial. A court has jurisdiction to determine its own jurisdiction. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.,* 487 U.S. 72, 79, 108 S.Ct. 2268, 101 L.Ed.2d 69 (1988); *United States v. Shipp,* 203 U.S. 563, 573, 27 S.Ct. 165, 51 L.Ed. 319 (1906) (Holmes, J.). A ruling that it lacks jurisdiction is therefore entitled to preclusive effect. The only difference, though it is not trivial—though it turns out, in fact, to be critical in this case—is that a judgment on the merits precludes relitigation of any ground within the compass of the suit, while a jurisdictional dismissal precludes only the relitigation of the ground of that dismissal, *Magnus Electronics, Inc. v. La Republica Argentina, su-*

*pra,* 830 F.2d at 1400; *Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987); *Bromwell v. Michigan Mutual Ins. Co., supra,* 115 F.3d at 212–14, and thus has collateral estoppel (issue preclusion) effect rather than the broader res judicata effect that nowadays goes by the name of claim preclusion. Cf. *Baldwin v. Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931).

■ The dismissal of a suit on the ground that the suit is frivolous is a form of jurisdictional dismissal, *Neitzke v. Williams,* 490 U.S. 319, 327 n. 6, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hagans v. Lavine,* 415 U.S. 528, 536–37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974); *Korzen v. Local Union 705,* 75 F.3d 285, 289 (7th Cir.1996), but it is a form that, unlike the jurisdictional dismissals in our previous examples, is often intimately related to the merits. Often, not always. The term "frivolous" is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained. The reason might be jurisdictional. A complaint that identified the defendant as a citizen of the same state as the plaintiff and alleged no basis other than diversity of citizenship for federal jurisdiction might be dismissed as "frivolous," *Walker by Walker v. Norwest Corp.,* 108 F.3d 158 (8th Cir.1997); *Patterson v. Patterson,* 808 F.2d 357 (5th Cir.1986) (per curiam), yet the dismissal would be no bar to refiling the suit in state court. Or it might be that the plaintiff could afford to pay the filing fee and therefore was not allowed to proceed in forma pauperis, or (under an amendment to section 1915 made by the Prison Litigation Reform Act) that he had "three strikes" (28 U.S.C. § 1915(g)), or that his complaint was simply incomprehensible and thus failed to disclose the presence or absence of a claim for which relief might be granted by a federal courts. Cf. *Benton v. Washington,* 106 F.3d 162, 164 (7th Cir.1996). In none of these cases would the dismissal operate as a bar to filing a new suit, provided the plaintiff avoided the problem that had caused the dismissal of his previous suit.

In the usual case, however, to say that a suit is frivolous is to say that its want of

merit is so patent that the court can and should dismiss it even if the defendant, whether for tactical reasons or because of sheer incompetence, does not move to dismiss it on the ground that shows its complete want of merit. *Gammon v. GC Services Limited Partnership*, 27 F.3d 1254, 1256 (7th Cir.1994); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276–77 (7th Cir.1988). That is Okoro's situation. Both his previous suits were dismissed on the basis of the rule of *Heck v. Humphrey*, which, as we noted earlier, is not a jurisdictional rule. It would be a considerable paradox if a dismissal based on a lack of merit so gross as to require the court to notice it even if the defendant has failed to argue the point had no preclusive effect. *Warren v. McCall*, 709 F.2d 1183, 1186 and n. 7 (7th Cir.1983); cf. *Denton v. Hernandez, supra*, 504 U.S. at 34, 112 S.Ct. 1728.

What is true, however, harking back to the distinction between collateral estoppel and res judicata (or issue preclusion and claim preclusion), is that the preclusive effect even of a jurisdictional dismissal based on frivolousness may be narrower than that of a judgment on the merits. Suppose that the plaintiff's suit alleged violations of federal law, but the conduct alleged might also violate state law. Were the suit to be dismissed on the merits, the plaintiff could not refile it in state court and by changing his theory from federal to state law escape the bar of res judicata. E.g., *River Park, Inc. v. City of Highland Park, supra*, 703 N.E.2d at 896; *ElGabri v. Lekas*, 681 A.2d 271, 275–79 (R.I. 1996); *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 718–19 (Tex.1990) (dictum). But if the suit was dismissed as frivolous, the only ruling would be that he had no federal case, and he would be free to refile it as a state law case. *Ricketts v. Midwest National Bank, supra*, 874 F.2d at 1182 n. 4; *Crowley Cutlery Co. v. United States, supra*, 849 F.2d at 277–78; *Wilson v. Yaklich*, 148 F.3d 596, 605 (6th Cir.1998); *Stephan v. Selvic Marine Towing Co.*, 201 Ill.App.3d 554, 147 Ill.Dec. 147, 559 N.E.2d 147, 148 (1990); cf. *Eagle Properties, Ltd. v. Scharbauer, supra*, 807 S.W.2d at 718–19; *Systems Associates, Inc. v. Motorola Communications & Electronics, Inc.*, 116 Idaho 615, 778 P.2d 737, 739 (1989); *Prudential Oil Corp. v. Phillips Petroleum Co.*, 69 A.D.2d 763, 415 N.Y.S.2d 217 (1979) (per curiam).

This distinction saves Okoro. His previous suits were dismissed as frivolous, that is, for want of jurisdiction, and the only binding effect of the dismissals was to prevent him from filing a new suit with the same jurisdictional defect. The suits were frivolous because *so clearly* barred by *Heck* that the court was required to notice and enforce the bar. This left Okoro free to file a new suit provided it was not barred by *Heck*. He tried to avoid the bar by limiting the new suit to a claim for the return of his property, a claim not necessarily inconsistent with his conviction being valid. The defendants do not argue that the new suit is barred by *Heck*, and the question is sufficiently unclear to prevent us from saying that the suit is frivolous. The fact that Okoro could have included his present claim in his previous suits, and would be barred from litigating it had he not done so if either of those suits had been decided on the merits (since the rule of res judicata is not suspended for litigants merely because they proceed without legal assistance, e.g., *Sassower v. American Bar Ass'n*, 33 F.3d 733, 735 (7th Cir.1994) (per curiam); *Schlangen v. Resolution Trust Corp.*, 934 F.2d 143, 147–48 (7th Cir.1991)), is just the difference that a jurisdictional dismissal makes.

The suit was dismissed prematurely. It is neither outside the jurisdiction of the district court nor barred by res judicata. Of course in so ruling we decide nothing about the merits of the suit—including its timeliness. Rule 41(e) does not prescribe a deadline for moving for the return of property, and the parties have not favored us with any discussion of whether there is a deadline and if so what it is. The defendants have not pleaded a defense of untimeliness, and we shall leave it to the district court to decide in the first instance whether the defense has been waived.

REVERSED AND REMANDED.