**William VON FLOWERS,**
**Plaintiff–Appellant,**

v.

**WISCONSIN DEP'T OF HEALTH**
**& FAMILY SERVS., et al.,**
**Defendants–Appellees.**

No. 02–2812.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 11, 2003.*

Decided Feb. 13, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

ORDER

Upon William Von Flowers' release from prison in 1996, Wisconsin petitioned to have him committed indefinitely as a "sexually violent person" pursuant to the state's sexual predator law, Wis. Stat. Chapter 980. Chapter 980 defines a "sexually violent person" as one "who has been

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

convicted of a sexually violent offense" and "who is dangerous because he or she suffers from a mental disorder that makes it substantially probable that the person will engage in acts of sexual violence." Wis. Stat. § 980.01(7). Psychologist Dennis Doren evaluated Von Flowers in connection with the state's petition and diagnosed him as suffering from alcohol dependency and anti-social personality disorder, which, Dr. Doren concluded, predisposed Von Flowers to engage in sexually violent acts. After a trial the state court agreed, ordering Von Flowers committed to the custody of the Wisconsin Department of Health and Family Services ("WDHFS") for "control, care and treatment until such time as [he] is no longer a sexually violent person." Wis. Stat. § 980.06(1). As required by § 980.07, the WDHFS has reevaluated Von Flowers' condition each year thereafter; each year the state court has declined to release him. Von Flowers is presently confined at the Wisconsin Resource Center in Winnebago, Wisconsin.

Since his commitment Von Flowers has filed numerous frivolous lawsuits in federal court challenging his continued confinement under Chapter 980. His latest suit— at least his *sixth* filed pursuant to 42 U.S.C. § 1983[1]—alleges that the WDHFS is violating his civil rights by subjecting him to "treatment" based on a flawed diagnosis of his mental condition. Specifically, he asserts that agency psychologists recently diagnosed him as suffering from a "personality disorder not otherwise specified with anti-social features" rather than an "anti-social personality disorder" as Dr. Doren originally opined. Von Flowers

says this new diagnosis is scientifically baseless, and thus, cannot serve as a basis for his commitment. He further alleges that the WDHFS failed to comply with numerous state rules governing civil commitments by, for instance, denying him access to his medical files in violation of Wis. Stat. § 51.61(1)(n). He purports to bring his suit on behalf of himself and other similarly situated Chapter 980 patients.

The district judge, Judge Stadtmueller, construed Von Flowers' complaint as potentially stating a Fourteenth Amendment claim and allowed him to proceed *in forma pauperis*. But shortly thereafter Judge Stadtmueller dismissed the suit on the ground that it was barred by res judicata–namely, because Von Flowers had brought similar claims against WDHFS employees in a previous § 1983 action that another district judge, Chief Judge Crabb, had dismissed with prejudice. We affirm.

Res judicata bars a subsequent suit if the claim upon which the suit is based arises from the "same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir.1999). The three requirements of res judicata under federal law are: (1) an identity of parties or their privies; (2) an identity of causes of action; and (3) a final judgment on the merits. *Central States, Southeast and Southwest Areas Pension Fund v. Hunt Truck Lines, Inc.,* 296 F.3d 624, 628 (7th Cir.2002). The first two criteria are satisfied here. Von Flowers' previous suit likewise alleged that

---

1. Von Flowers has also filed at least one petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Chapter 980 commitment. The district court denied the petition, and we declined Von Flowers' request for a certificate of appealability. *Von Flowers v. Bartow,* Nos. 01–1232 & 01–1233

(7th Cir. June 14, 2001) (unpublished order). In April 2001 we also denied Von Flowers' application for leave to file a second or successive § 2254 petition. *Von Flowers v. Bartow,* No. 01–1776 (7th Cir. Apr. 5, 2001) (unpublished order).

the WDHFS violated his civil rights by treating him for a non-existent personality disorder. And, although the specific WDHFS employees named were not identical, they are privies as employees of the same state agency. The third prerequisite, however, is wanting. Chief Judge Crabb dismissed Von Flowers' previous suit as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), reasoning that Von Flowers was challenging the validity of his confinement and therefore could not proceed under § 1983. *See Flowers v. Thorton,* No. 01–C–629–C (W.D.Wis. Dec. 31, 2001) (unpublished order).[2] We have held that such a dismissal is not a "judgment on the merits" that would bar relitigation of any ground within the suit's ambit. *Okoro,* 164 F.3d at 1062–64.

A dismissal for frivolousness under § 1915(e)(2)(B)(i) is not without preclusive effect, however. Rather, such a dismissal precludes a litigant from filing a new suit with the same defect. *See id.* at 1064; *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir.2002). Here, Von Flowers' latest § 1983 suit suffers from the same defect as the nearly identical suit that Chief Judge Crabb dismissed–it implies the invalidity of his confinement under Chapter 980. Individuals who, like Von Flowers, are in custody pursuant to the judgment of a state court may not utilize § 1983 to attack the validity of the fact or length of their confinements; rather, they must seek relief first in a state forum and, if unsuccessful there, file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Preiser v. Rodriguez,* 411 U.S. 475, 489, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973).

Von Flowers tries to avoid this rule by couching his present claim in terms of "deliberate indifference" to his medical needs. But what he is really arguing is that he does not suffer from the requisite mental disorder for a Chapter 980 commitment. The only harm that Von Flowers alleges resulted from the defendants' supposedly faulty diagnosis is his continued confinement as a sexual predator. He cannot sue for damages under § 1983 for his allegedly unconstitutional confinement, or for other harm caused by actions whose unlawfulness would render his commitment invalid, until that commitment has been declared invalid through the proper channels. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). As Chief Judge Crabb explained in dismissing Von Flowers' previous suit:

> Although the only relief petitioner seeks are money damages and an injunction preventing respondents from treating him for an illness diagnosed using "experimental" techniques, petitioner's asserted injury stems from respondents' efforts to treat him for an allegedly nonexistent mental illness.... [T]he mere fact that petitioner does not request an injunction ordering his release does not allow him to proceed under § 1983. Because petitioner's claim that he has been misdiagnosed clearly implicates the validity of his confinement, he cannot proceed under § 1983 until he shows that his order of commitment has already been invalidated or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.

*Flowers v. Thorton,* No. 01–C–629–C, at 8 (W.D.Wis. Dec. 31, 2001) (unpublished order). This suit suffers from the same defect identified by Chief Judge Crabb,

---

2. In the suit before Chief Judge Crabb, Von Flowers referred to himself just as "William Flowers."

**652**

and thus was barred by her previous dismissal.

Chief Judge Crabb's December 2001 order was not the first time Von Flowers has been informed that he may not utilize § 1983 to attack the validity of his confinement under Chapter 980. Indeed, several district courts–as well as this court–have admonished Von Flowers that any challenge to his continued confinement must be brought under § 2254 and not § 1983. *See, e.g., Von Flowers v. Wisconsin,* No. 99–C–122 (E.D.Wis.1999) (unpublished order); *Von Flowers v. Leean, et al.,* No. 99–C–1208 (E.D.Wis.1999), *summarily aff'd,* No. 99–3874 (7th Cir. Feb. 8, 2000) (unpublished order); *Von Flowers v. Leean, et al.,* No. 99–C–722 (E.D.Wis.1999), *aff'd,* No. 99–2999, 2000 WL 554518, *2 (7th Cir. May 3, 2000) (unpublished order); *Von Flowers v. Leean,* 00–C–695–C (W.D.Wis. Dec. 2, 2000) (unpublished order), *summarily aff'd,* No. 00–4255 (7th Cir. Mar. 21, 2001) (unpublished order). Despite these repeated admonishments, Von Flowers continues to file frivolous § 1983 actions attacking his confinement.

We therefore AFFIRM the district court's judgment, and ORDER Von Flowers to show cause within 14 days why he should not be sanctioned for filing this frivolous appeal from the dismissal of yet another frivolous § 1983 suit. *See* Fed. R.App. P. 38.