**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 25, 2006[*]
Decided September 26, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-1626

| | |
|---|---|
| PRINCE E. FORYOH,<br>　　　*Plaintiff-Appellant,*<br><br>　　　*v.*<br><br>TRITON COLLEGE,<br>　　　*Defendant-Appellee.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division<br><br>No. 05 C 2423<br><br>John W. Darrah,<br>*Judge.* |

**O R D E R**

Prince Foryoh sued Triton College under 42 U.S.C. § 1983 alleging that he was beaten in the course of an arrest on campus. The district court determined that Foryoh's claims were barred by the applicable two-year statute of limitations and granted Triton College's motion to dismiss. We affirm.

In April 2005, Foryoh filed suit against Triton College, alleging false arrest and excessive force arising out of an altercation with a fellow student three years earlier that resulted in his arrest and beating by Triton College police officers.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. Fed. R. App. P. 34(a)(2).

Upon his release from custody, Foryoh alleges that he sought medical treatment for injuries sustained during the arrest. Foryoh was convicted of misdemeanor battery related to the incident and served a sentence of conditional release. Triton College moved to dismiss his complaint under Fed. R. Civ. P. 12(b)(6) due to the passage of the statute of limitations. The district court granted the motion, determining that Foryoh's complaint had been filed outside the applicable two-year statute of limitations, 735 ILCS 5/13-202, and that equitable tolling did not apply to extend the deadline.

On appeal, Foryoh argues that the district court applied the wrong statute of limitations to his 42 U.S.C. § 1983 claims, arguing that the five-year "catch-all" statute, 735 ILCS 5/13-205, rather than the two-year statute of limitations for personal injuries, 735 ILCS 5/13-202, is proper. It is well-settled, however, that the two-year period is the appropriate statute of limitations in Illinois for § 1983 claims. 735 ILCS 5/13-202; *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006).

Foryoh next contends that even if the two-year limitations period applies to his claims, the district court erred in finding that his filing was untimely. Although he concedes that he filed his initial complaint more than three years after his arrest, he argues that his claims accrued not upon the date of his arrest but on either the date of his conviction, August 19, 2003 (one year, eight months and three days before he filed his complaint), or the date his sentence ended, August 17, 2004 (eight months and five days before filing). However, a claim for false arrest under § 1983 accrues at the time of the arrest, *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006), as would Foryoh's excessive force claim, *see Evans*, 434 F.3d at 934. His original complaint, dated April 22, 2005, was filed more than three years after his claims accrued—a year past the limitations period.[**] As for his argument that his claims should be tolled until the date he finished serving his sentence of conditional release, "nothing in either federal law or Illinois law tolls or delays the running of an applicable statute of limitations on a § 1983 claim until criminal proceedings are concluded." *Evans*, 434 F.3d at 934.

AFFIRMED.

---

[**]Because the defendant has not argued that Foryoh's false arrest claim would necessarily imply the invalidity of his underlying conviction such that it would be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), we do not address that issue here. *See Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999).