NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2014[*]
Decided December 8, 2014

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 14-2882

| | |
|---|---|
| FREDERICK E. RENNEKE,<br>    *Plaintiff-Appellant*,<br><br>  *v.*<br><br>FLORENCE COUNTY, WISCONSIN,<br>    *Defendant-Appellee*. | Appeal from the United States District Court for the Eastern District of Wisconsin.<br><br>No. 14-C-823<br><br>**William E. Duffin**,<br>*Magistrate Judge*. |

**O R D E R**

Frederick Renneke appeals the dismissal of his civil-rights suit in which he challenges the constitutionality of a state-court contempt order and its enforcement.

---

[*] **Error! Main Document Only.**After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Because we lack jurisdiction to review the state-court order and Renneke's remaining claims are without merit, we affirm.

Renneke owns property in Florence County, Wisconsin, that is the subject of a state-court order. The property is zoned as open forest area, and Renneke put a travel trailer on the land without the necessary permits. Florence County sued Renneke in a Wisconsin state court to enjoin his violation of the zoning ordinances. The state court granted judgment to the county and ordered Renneke to remove the trailer from his property until he obtained the permits. When Renneke still had not removed the trailer within four months, the court held him in contempt and ordered the Florence County Sheriff's Department to remove Renneke's trailer to a storage area if, after 30 days, Renneke still had not obtained the permits.

Renneke ignored the contempt order and may have threatened violence. A few days after the state court held him in contempt, a public librarian informed the police that Renneke told her that he would "get his shotgun and go see the judge who kicked him out of his residence." The Sheriff's Department obtained a warrant to search Renneke's trailer and seized Renneke's shotgun. When the 30-day grace period to remove his trailer expired and Renneke had not obtained the permits, the Sheriff's Department transferred the trailer and its contents to a storage area.

Renneke sued Florence County in federal court under 42 U.S.C. § 1983. First he alleged that, by confiscating the trailer, the county violated his Fifth Amendment right against takings and his Eighth Amendment right against cruel and unusual punishment. Second Renneke alleged that the sheriff deputies orally threatened to "arrest, shoot, or kill" him if he tried to access his trailer. Renneke also filed a "motion" alleging that the seizure of his shotgun violated the Fourth Amendment because the warrant was not based on probable cause. Finally Renneke attached to his complaint the contempt order, the search warrant, and a portion of the warrant's supporting affidavit, which included a description of the librarian's statement about the threats.

At screening, the magistrate judge (proceeding with Renneke's consent) dismissed Renneke's complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The judge reasoned that the documents attached to Renneke's complaint contradicted his conclusory allegations and that Florence County's enforcement of its zoning ordinances was constitutional. The judge also dismissed Renneke's motion as moot.

On appeal Renneke argues that the judge incorrectly concluded that his Fifth and Eighth Amendment claims were frivolous. But we cannot address the merits unless the district court had subject-matter jurisdiction over Renneke's claims. *See Büchel-Ruegsegger v. Büchel,* 576 F.3d 451, 453 (7th Cir. 2009); *Okoro v. Bohman*, 164 F.3d 1059, 1061 (7th Cir. 1999). Under the *Rooker-Feldman* doctrine, district courts lack subject-matter jurisdiction over claims brought by state-court losers complaining of injuries caused by state-court judgments and inviting federal courts to reverse them. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005); *see D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The principal injury that Renneke complains of—the removal of his trailer—was caused by the state-court contempt order. And a contempt order qualifies as a state-court judgment to which *Rooker-Feldman* applies. *See Homola v. McNamara*, 59 F.3d 647, 649–50 (7th Cir. 1995) (*Rooker-Feldman* barred challenge to state-court contempt order that led to plaintiff's arrest); *Casale v. Tillman*, 558 F.3d 1258, 1259–61 (11th Cir. 2009) (*Rooker-Feldman* barred challenge to state-court contempt orders in divorce proceeding). *Rooker-Feldman* thus divested the district court of subject-matter jurisdiction to review that order.

To the extent that Renneke challenges the *manner* in which the county enforced the contempt order—an injury distinct from the state-court judgment itself—he clears the jurisdictional hurdle. *See Zurich American Ins. Co. v. Superior Court for State of Ca.*, 326 F.3d 816, 821–22 (7th Cir. 2003); *McCormick v. Braverman*, 451 F.3d 382, 392–93 (6th Cir. 2006). And we construe Renneke's allegation that the deputies orally threatened to "arrest, shoot, and kill" him if he tried to access his trailer as such a claim. In essence he contends that the county attempted to enforce the order in a manner that shocks the conscience, thereby violating his substantive due-process rights under the Fourteenth Amendment. *See, e.g., Rochin v. California*, 342 U.S. 165, 172 (1952); *Geinosky v. City of Chicago*, 675 F.3d 743, 750 (7th Cir. 2012). Renneke's claim fails, however, because mere oral threats to arrest and use force to enforce a court order, without the alleged actual use or even show of *any* force, do not cross the line from tortious misconduct to a violation of substantive due process. *Compare Rochin*, 342 U.S. at 172 (forcibly pumping stomach for drugs shocked conscience), *and Wilkins v. May*, 872 F.2d 190, 195 (7th Cir. (1989) (extorting confession at gunpoint shocked conscience), *with Christensen v. County of Boone*, 483 F.3d 454, 464–65 (7th Cir. 2007) (alleged trailing of couple in squad car to annoy and intimidate did not shock conscience), *and United States v. Hollingsworth*, 495 F.3d 795, 802 (7th Cir. 2007) (questioning child at school without mother's presence did not shock conscience).

Lastly, Renneke contests the dismissal of his "motion" alleging that the search warrant for his shotgun was not supported by probable cause. Given the Supreme Court's mandate to construe pro se filings liberally, *see Erickson v. Pardus,* 551 U.S. 89, 94 (2007), we construe Renneke's filing as a motion to amend the complaint to add a Fourth Amendment claim against the county. Nevertheless, upon our review, we conclude that Renneke's claim would have been futile because the warrant application attached to the complaint establishes probable cause.

An affidavit attached to a warrant application may be sufficiently reliable to support a probable cause finding. *See Junkert v. Massey*, 610 F.3d 364, 367–68 (7th Cir. 2010); *United States v. Jones*, 208 F.3d 603, 608 (7th Cir. 2000). Reliability may be established by considering "whether the information is based on the informant's own observations, how much detail the informant provides, how much time elapsed between the events reported and the warrant application, and whether the informant personally appeared before the warrant-issuing judge." *United States v. Johnson*, 655 F.3d 594, 600 (7th Cir. 2011). Here the affidavit explained that the librarian heard firsthand Renneke's then-recent statement that he would "get his shotgun" and "go see the judge." The county police had themselves been investigating the threat, and the librarian disclosed her identity and attached her own written statement. These circumstances support probable cause, *see Jones,* 208 F.3d at 609; *United States v. Lloyd*, 71 F.3d 1256, 1263 (7th Cir. 1995), so Renneke fails to state a claim that the warrant failed to establish probable cause.

We have reviewed Renneke's remaining claims but none has merit.

AFFIRMED.